IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES K. COOPER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-05-522-F |
| | ) |
| JOHN DOE, et al., | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

James K. Cooper, a state prisoner appearing pro se, filed this 42 U.S.C. § 1983 action on May 11, 2005, in connection with incidents which took place prior to his incarceration. The matter has been referred to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B).

### Plaintiff's Complaint and Procedural Background

Plaintiff claims in his initial complaint that his rights under the Fourth Amendment were violated on October 27, 2003, when he was "accosted, attacked and assaulted with excessive and unreasonable force" in the parking lot of Wal-Mart by two unnamed security guards who claimed that Plaintiff had stolen merchandise from the store [Doc. No. 1, pp. 9 - 10]. Plaintiff further alleges that Defendant unnamed police officers employed by the City of Enid, Oklahoma and Garfield County, Oklahoma, subsequently arrested Plaintiff without making an independent investigation and probable cause determination. *Id.* at pp. 8 and 10.[1] He further asserts unnamed supervisors failed to properly train, supervise and

---

[1] Publically available docket sheets found at www.oscn.net reveal that Plaintiff has entered guilty pleas in Garfield County Case No. 03-831 to one count of larceny of merchandise from a retailer – Wal-Mart on October 23, 2003 – and two counts of assault and battery upon Alvin Frye and Dennis Emerson – Wal-Mart loss prevention employees.

control the unnamed subordinates - presumably the security officers and the police officers. Finally, Plaintiff claims that Dr. Worrell improperly performed surgery on Plaintiff following the altercation, and that other unidentified persons denied him follow-up medication, treatment, therapy and surgery. *Id.* at pp. 8 and 10A.

Named as Defendants in Plaintiff's initial complaint are: Jane and John Does, President and manager of the Enid Wal-Mart Store; Enid Police Chief and unidentified police officers; unidentified security guards and the owner and security company; and Dr. Worrell. [Doc. No. 1, p.8].

Plaintiff subsequently filed a Praecipe for Summons, naming five Defendants: President and Manager of Wal-Mart; Dennis Emerson; Alvin Frye; Dr. James P. Worrell, and the Enid Police Department [Doc. No. 13]. A subsequent praecipe was filed naming Wal-Mart Store #499 and President/CEO Lee Scott, Jr. [Doc. No. 15]. Service has been obtained on Defendants Worrell, the Enid Police Department and, on August 24, 2005, on Emerson [Doc. No. 19] and Frye [Doc. No. 17]; Defendant Wal-Mart waived service. [Doc. No. 25]. Various motions – including a motion by Plaintiff to amend his complaint – have been filed by the parties and, having been fully briefed, are now at issue.

In his "Motion to Amend and Add Additional Parties," Plaintiff identifies the Defendant as: Wal-Mart Stores East, L.P. and Wal-Mart security personnel now identified as Alvin Frye and Dennis Emerson, and other unidentified (John Doe) security personnel; Enid Police Department and police officers identified only as John Does; and Dr. James P. Worrell, M.D. [Doc. No. 40, p.2]. Plaintiff's motion to amend also includes some additional information regarding the factual basis of his claims, references Plaintiff's attempts to hire

legal counsel and more specifically asserts the nature and legal basis of his claims. Finally, the motion to amend proposes certain additional requested relief.

**Defendant Worrell's Motion to Dismiss**

Plaintiff's initial complaint describes Dr. Worrell as "Dr. Worrell at Baptist hospital in Enid, Oklahoma." [Doc. No. 1, p. 8], and claims that:

> Dr. Worrell improperly performed relocation surgery that has resulted in limited, permanent and protracted loss and [sic] use of plaintiff's left arm, which causes him continuous pain and suffering.

*Id.* at p. 10A.

Defendant Worrell maintains, correctly, that Plaintiff does not allege that this court has either federal question or diversity jurisdiction with respect to his claim against Defendant Worrell [Doc. No. 24]. Plaintiff appears, instead, to be asserting pendent, or supplemental, jurisdiction [Doc. No. 1, p. 1]. Defendant Worrell contends that Plaintiff's tort based claim against him for medical malpractice and those claims against the remaining Defendants for alleged excessive force/arrest related constitutional violations do not "derive from a common nucleus of operative fact," *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 725 (1966), and, consequently, this court should decline to exercise supplemental jurisdiction [Doc. No. 24]. In addition, Defendant Worrell correctly contends that Plaintiff's complaint was not supported by an affidavit as required by 63 O.S. 2003 § 1-1708.1E(A)(1)(a)-(c).

Following Plaintiff's failure to respond to the dismissal motion, Defendant Worrell requested that the motion be deemed confessed [Doc. No. 34]. Plaintiff then sought and was granted leave to respond, a response which included a "Motion to Drop Defendant Worrell Without Prejudice." [Doc. No. 38]. There, Plaintiff stated:

3

> I agree with Defendant Worrell that the claim against him is for medical malpractice, for improper relocation surgery that has resulted in loss of full use of my left arm and now causes severe and constant pain, therefore the cause of action is different and separate, occurring after the injuries were committed by other captioned Defendants. Due to this jurisdictional defect I seek the Court to allow separation of Dr. Worrell to that of the co-defendants, or in the alternative, dismiss the pleading without prejudice so as a separate 42 U.S.C. § 1983 action can be filed solely against Defendant Worrell.

[Doc. No. 38, p.2].

The foregoing motion was filed by Plaintiff on November 4, 2005. On November 9, 2005, Plaintiff then filed his "Motion to Amend and Add Additional Parties." [Doc. No. 40]. There, Plaintiff alleges that, "[t]his Court has jurisdiction of this matter pursuant to 42 U.S.C.A. § 1983 et seq., as this action involves claims brought by an individual who is now incarcerated" against various individuals, including Dr. Worrell, "in both their official and individual capacities." *Id.* at 1. Plaintiff's specific claim against Dr. Worrell in the proposed amendments states:

> Defendant Dr. James P. Worrell, M.D., is and was at all times mentioned herein, a physician charged with the duty and responsibility of providing competent medical care and treatment of patients, including but not limited to diagnosis of medical conditions, prescribing courses of treatment, consulting with patients, prescribing medications. Admittedly, the personal involvement in the issues giving rise to Plaintiff's claims were after injury and assault at the hands of Alvin Frye and Dennis Emerson, Wal-Mart Stores East, security personnel.

*Id.* at p. 2.

Plaintiff then recites that following the shoplifting altercation in the Wal-Mart parking lot, he was taken to Integris Bass Baptist Health Center by EMS ambulance where surgery was performed and that "James P. Warrell, M.D., is responsible for malpractice and neglect of the medical care entrusted unto his expertise and in under color of state law."

4

*Id.* at p. 3. He further recites that he remained in the hospital until November 6, 2003, when he "was released from the hospital with stipulation I report to the Enid Police Department within seven (7) days of release, as the medical professionals at Integris were concerned of the unclean jail environment and the recent skin grafts on my arm and skin removed from my leg." *Id.*

Plaintiff's first cause of action in the proposed amendments to his complaint asserts that the Defendants' actions have violated Plaintiff's Fifth, Eighth and Fourteenth Amendment rights, and that, "Further, Dr. Worrell is charged for failure to provide adequate medical care and treatment." *Id.* at p. 4. The second cause of action alleges a violation of Plaintiff's civil rights under 42 U.S.C. § 1983 and, "Dr. Worrell for failure completely provide medical care." *Id.* Subsequent causes of action assert violations of Oklahoma tort and constitutional law.

Defendant Worrell has responded to Plaintiff's motion to amend, arguing that the proposed amendments fail to cure the defects raised by Defendant's dismissal motion and requesting that the motion be denied [Doc. No. 43].

It is not entirely clear if Plaintiff – after advising the court on November 4 that his claim against Defendant Worrell was a separate claim for malpractice [Doc. No. 38] – then changed his mind and attempted to state a civil rights action against the Defendant through his amendment request filed five days later [Doc. No. 40]. Even if this was Plaintiff's intent, however, he has failed to state a claim against Defendant Worrell for which relief can be granted under § 1983. Before a private individual or physician such as Defendant Worrell can be liable under § 1983, Plaintiff must demonstrate that the individual's conduct is "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937

(1982). *See also Pino v. Higgs,* 75 F.3d 1461, 1465 (10th Cir. 1996); *Barnard v. Young,* 720 F.2d 1188, 1189 (10th Cir. 1983) ("A party may be a state actor because he is a state official, he acted together with or has obtained significant aid from state officials, or his conduct is otherwise chargeable to the state."). Here, apart from the conclusory allegation that Defendant Worrell acted under color of state law [Doc. No. 40, p.3], Plaintiff's allegations reveal that Defendant Worrell was a private physician at a local hospital who rendered medical care to Plaintiff prior to his incarceration. *Id.* There is no allegation that Defendant Worrell's medical care was performed on behalf of or is attributable to the state in any way.

Consequently, Plaintiff's sole claim against Defendant Worrell is a supplemental claim for malpractice under Oklahoma law, a claim which should be dismissed without prejudice due to Plaintiff's failure to comply with the mandatory provisions of 63 O.S. 2003 § 1-1708.1E(A)(1)(a)-(c):

> A.  1.  In any medical liability action, except as provided in subsection B of this section, the plaintiff shall attach to the petition an affidavit attesting that:
>     a.  the plaintiff has consulted and reviewed the facts of the claim with a qualified expert,
>     b.  the plaintiff has obtained a written opinion from a qualified expert that clearly identifies the plaintiff and includes the expert's determination that, based upon a review of the available medical records, facts or other relevant material, a reasonable interpretation of the facts supports a finding that the acts or omissions of the health care provider against whom the action is brought constituted professional negligence, and
>     c.  on the basis of the qualified expert's review and consultation, the plaintiff has concluded that the claim is meritorious and based on good cause.

63 O.S. 2003 § 1-1708.1E(A)(1)(a)-(c).

The mandatory nature of the statutory directive is reflected in 63 O.S. 2003 § 1-1708.1E(A)(2)(a)-(b):

> A.  2.  If a medical liability action is filed:
>     a.  without an affidavit being attached to the petition, as required in paragraph 1 of this subsection, and
>     b.  no extension of time is subsequently granted by the court, pursuant to subsection B of this section,
>
> the court shall, upon motion of the defendant, dismiss the action without prejudice to its refiling.

63 O.S. 2003 § 1-1708.1E(A)(2)(a)-(b).

This issue was fully briefed by Defendant Worrell [Doc. No. 24], and Plaintiff has failed to respond to such argument. In light of Plaintiff's failure to comply with a statutory prerequisite to the maintenance of a malpractice action under Oklahoma state law, it is recommended that Plaintiff's supplemental claim for medical malpractice against Defendant Worrell be dismissed without prejudice for failure to comply with the mandatory requirements of 63 O.S. 2003 §§ 1-1708.1E(A)(1)(a)-(c) and 1-1708.1(A)(2)(a)-(b).

### Motion of Defendant Enid Police Department to Dismiss[2]

In his initial complaint, Plaintiff named as Defendants the "Officials, Police Chief and Officers of Enid Oklahoma and Garfield County, Oklahoma." [Doc. No. 1, p. 8]. Service of process was obtained on July 18, 2005, on the Enid Police Department [Doc. No. 23]. Plaintiff's motion to amend his complaint and to add additional parties continues to

---

[2]This motion and a response to Plaintiff's motion to amend are also purportedly brought on behalf of Defendants Enid Police Chief and Enid Police Officers. [Doc. No. 39]. However, these Defendants have not been served nor has counsel entered an appearance on their behalf. Thus, the undersigned has not considered arguments made on behalf of the Enid Police Chief and the Enid Police Department or on behalf of the City of Enid, an entity which was neither named nor served.

describe the Enid Defendants as "Defendant Enid Police Department, its John Doe police officers, under control of the Enid Police Chief as he enforces the policies and procedures which govern police cadets and officers and their official conduct and rules of engagement concerning police procedures and arrest." [Doc. No. 40, p. 2]. No additional "Enid Defendants" are named. To the extent that Plaintiff's initial complaint alleges a § 1983 claim against them, the Enid Police Department has moved for dismissal [Doc. No. 39]. A response in opposition to Plaintiff's amendment request [Doc. No. 41] has also been filed by Defendant Enid Police Department.

The Enid Police Department, the sole "Enid Defendant" to have been served in this matter, should be dismissed on the ground that a police department is not a suable entity for purposes of 42 U.S.C. § 1983. *See Stump v. Gates,* 777 F. Supp. 808 (D. Colo. 1991) *aff'd* 986 F.2d 1429 (10th Cir. 1993); *Ketchum v. Albuquerque Police Dept.,* No. 91-2200, 1992 WL 51481, at *2 (10th Cir. Mar. 12, 1992)[3] (a municipal police department is not a suable entity because it lacks a legal identity apart from the municipality); *Shangreaux v. Midwest City Police Dept.,* No. 91-6013, 1991 WL 104313, at *2 (10th Cir. June 12, 1991). Dismissal of Defendant Enid Police Department is, consequently, recommended.

### Defendant Wal-Mart's Objection to Plaintiff's Motion to Amend and Add Additional Parties

Defendant Wal-Mart Stores East, LP, having answered Plaintiff's complaint [Doc. No. 29],[4] has filed its objection to Plaintiff's motion to amend and add additional parties [Doc.

---

[3]This and any other unpublished dispositions referenced herein are cited as persuasive authority pursuant to Tenth Circuit Rule 36.3.

[4]Defendant Wal-Mart notes in its answer that it was incorrectly identified in
(continued...)

No. 42]. Specifically, Wal-Mart objects to the attempted amendment to add what it describes as "new parties to this action, namely Alvin Frye and Dennis Emerson." *Id.* at 2. Wal-Mart's theory is that Plaintiff's requested amendment, filed on November 9, 2005, raises claims that are barred by the applicable two year statute of limitations and which would not relate back to the date of Plaintiff's original complaint under Fed. R. Civ. P. 15(c)(3). Defendant Wal-Mart, however, has failed to address the fact that both Defendants Frye and Emerson, while identified only as John Does in the caption and body of the original complaint, were identified on the subsequent praecipe and served with process on August 24, 2005 [Doc. Nos. 17 and 19]. Defendant Frye responded by filing a notice of stay pursuant to bankruptcy [Doc. No. 27]; Defendant Emerson has not responded to the complaint. For the reason that both individuals identified by Wal-Mart as new parties received notice of the suit within the applicable time period, Defendant Wal-Mart's objection to Plaintiff's amendment motion is without merit.

**Plaintiff's Motion to Amend and Add Additional Parties**

Should this court accept the undersigned's recommendations in this matter, Defendant Wal-Mart – which has answered – and Defendant Emerson – who has been served but has not responded – will remain as the only Defendants. Defendant Wal-Mart's objection to Plaintiff's motion was directed solely to Plaintiff's proposed "addition" of Defendants Frye and Emerson and was determined by the undersigned to lack merit.

---

[4](...continued)
Plaintiff's complaint as Jane/John Does, Wal-Mart, which "is not a proper party to this lawsuit." [Doc. No. 29, at 1,4].

9

Accordingly, as no remaining Defendant has raised a valid challenge to Plaintiff's proposed amendment, it is recommended that Plaintiff's motion to amend be granted.

## RECOMMENDATION

For the reasons set forth above, it is the recommended that Defendant Worrell's motion to dismiss [Doc. No. 24] be granted without prejudice to refiling;[5] that Defendant Enid Police Department's motion to dismiss [Doc. No. 39] be granted, and that Plaintiff's motion to amend and add additional parties [Doc. No. 40] be granted. The parties are advised of their right to file an objection to the Report and Recommendation with the Clerk of this Court by the 19th day of January, 2006, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. The parties are further advised that failure to make timely objection to the Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

IT IS SO ORDERED this 30 day of December, 2005.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE

---

[5]Defendant Worrell's Renewed Motion to Dismiss and for Order to Deem Confessed [Doc. No. 34] is moot in light of the undersigned's order granting Plaintiff an extension of time within which to respond to Defendant Worrell's dismissal motion [Doc. No. 36].