**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JAMES K. COOPER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-05-0522-F |
| ) | |
| JOHN DOE, et al., ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

On December 30, 2005, United States Magistrate Judge Bana Roberts entered a Report and Recommendation, wherein she recommended that defendant, James P. Worrell, M.D.'s motion to dismiss be granted, that defendant, Enid Police Department's motion to dismiss be granted, and that plaintiff, James K. Cooper's motion to amend and add additional parties be granted. In the Report and Recommendation, Magistrate Judge Roberts advised the parties of their right to file an objection by January 19, 2006, and that failure to make timely objection waives the right to appellate review of both factual and legal questions therein contained.

To date, no party has filed an objection to the Report and Recommendation.[1] With no objection being filed, the court accepts the Report and Recommendation to the extent it recommends defendant, James P. Worrell, M.D.'s motion to dismiss be granted and defendant, Enid Police Department's motion to dismiss be granted. In light of the court's granting Dr. Worrell's motion to dismiss as well as Magistrate

---

[1]Plaintiff's January 17, 2006 (filed January 18, 2006) letter addressed to the Office of the Clerk (doc. no. 45) asks as to the time for refiling a complaint against Dr. Worrell. The court does not construe the letter as an objection. In addition, the court declines to answer the question posed by plaintiff as the court declines to provide defendant with legal advice.

Judge Robert's ruling in the Report and Recommendation that Dr. Worrell's renewed motion to dismiss and for order to deem confessed is moot, the court concludes that Dr. Worrell's application for ruling on pending motions to dismiss and deem confessed should be denied as moot.

As to plaintiff's motion to amend and to add parties, the court accepts the Report and Recommendation to the extent it recommends that the motion to amend be granted as to defendants, Wal-Mart Stores East LP and Dennis Emerson. Plaintiff shall be permitted to file an amended complaint as to defendants, Wal-Mart Stores East LP and Dennis Emerson.

To the extent plaintiff seeks to file an amended complaint as to defendant, Alvin Frye, the motion is denied. Prior to the filing of plaintiff's motion, the case was stayed against defendant Frye, due to bankruptcy proceedings. The record does not reflect that plaintiff has obtained any relief from the automatic stay imposed by the filing of the bankruptcy proceedings. On February 6, 2006, defendant Frye filed a Notice of Bankruptcy Discharge stating that a discharge was issued on January 23, 2006. Although a discharge has been issued, the court is not aware that the bankruptcy case has been finally dismissed. However, with the automatic stay not having been lifted and a discharge having been issued, the court will not permit plaintiff to file an amended complaint as to defendant Frye.

To the extent plaintiff seeks to amend his complaint against Dr. Worrell, the motion is denied. The court, with this order, has granted Dr. Worrell's motion to dismiss and will dismiss Dr. Worrell as a defendant. Plaintiff's motion to amend does not cure the deficiencies of the original complaint and does not allege a claim against Dr. Worrell under 42 U.S.C. § 1983 upon which relief may be granted. As to the state law claims, the court concludes that it lacks supplemental jurisdiction over the claims as they do not derive from a common nucleus of operative fact as the federal claims

over which the court has original federal jurisdiction. *See*, United Mine Workers of America v. Gibbs, 383 U.S. 715, 725 (1966). Even if supplemental jurisdiction exists over the claims, the court declines to exercise such jurisdiction as the issues related to those claims would predominate over the federal claims. *See*, 28 U.S.C. §1367(c)(2). The court therefore concludes that the amendment of the complaint as to Dr. Worrell would be futile, and leave to amend is denied on that basis. *See*, Foman v. Davis, 371 U.S. 178, 182 (1962).

To the extent plaintiff seeks to amend his complaint against defendant, Enid Police Department, the motion is denied. The court, with this order, has granted Enid Police Department's motion to dismiss and will dismiss Enid Police Department as a defendant. Plaintiff's motion to amend does not cure the deficiencies of the original complaint. The court therefore concludes that the amendment of the complaint as to Enid Police Department would be futile, and leave to amend is denied on that basis. *Id*.

To the extent plaintiff seeks to amend his complaint against John Doe Enid police officers, the motion is denied. The proposed amendment does not seek to specifically identify these John Doe defendants. The applicable statute of limitations has run for plaintiff's claims against these defendants, and any additional amended complaint, identifying these defendants, will not relate back to the original complaint for purposes of the applicable statute of limitations. *See*, Garrett v. Fleming, 362 F.3d 692, 696-697 (10th Cir. 2004). Furthermore, because an amended complaint identifying the John Doe police officers was not filed within the applicable statute of limitations, the court finds that plaintiff's claims against the defendants is time-barred, and plaintiffs' action against John Doe Enid police officers must be dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

To the extent plaintiff seeks to amend his complaint to add any additional John Doe security guards, as suggested in paragraph 9 of his motion, the motion is denied. The applicable statute of limitations has run for plaintiff's claims against any additional John Does, and any additional amended complaint, identifying these new defendants, will not relate back to the original complaint. Garrett v. Fleming, 362 F.3d 692, 696-697 (10th Cir. 2004). Any amendment to add additional John Does would be futile, and leave to amend is denied on that basis. *See*, Foman v. Davis, 371 U.S. at 182.

To the extent plaintiff seeks to amend his complaint against Enid Police Chief, the motion is granted. The court cannot say at this time that the amendment would be futile. Although the Enid Police Chief has not been served with process within 120 days of the filing of the original complaint and there does not appear to be a showing of good cause for the failure to obtain service of process, the court shall grant plaintiff a permissive extension of 70 days to obtain service of process upon the Enid Police Chief. *See,* Espinoza v. United States, 52 F.3d 838, 841 (10th Cir.1995). According to the record, Rick West as Chief of Police, signed the return of service for Enid Police Department. Plaintiff shall therefore name Rick West as defendant in the amended complaint. If plaintiff is seeking to sue Rick West, both in his official capacity as Enid Police Chief and in his individual capacity, plaintiff shall name Rick West in both capacities as defendant. If he is seeking to sue Rick West only in his official capacity as Enid Police Chief, he shall name Rick West in his official capacity only.

Based upon the foregoing,

IT IS ORDERED the Report and Recommendation issued by United States Magistrate Judge Bana Roberts on December 30, 2005 (doc. no. 44), is **ACCEPTED** to the extent stated above.

IT IS ORDERED that Defendant James P. Worrell, M.D.'s Motion to Dismiss, filed September 15, 2005 (doc. no. 24), is **GRANTED**.  Plaintiff's complaint against defendant, James P. Worrell's M.D., is **DISMISSED**.

IT IS ORDERED that Defendant James P. Worrell, M.D.'s Application for Ruling on Defendant's Pending Motions to Dismiss and Deem Confessed, filed November 23, 2005 (doc. no. 43), is **DENIED** as **MOOT**.

IT IS ORDERED that Defendant Enid Police Department's Motion to Dismiss, filed November 8, 2005 (doc. no. 39), is **GRANTED**.  Plaintiff's complaint against defendant, Enid Police Department, is **DISMISSED**.

IT IS ORDERED THAT Plaintiff's Motion to Amend and Add Additional Parties, filed November 9, 2005 (doc. no. 40), is **DENIED** as to amending the complaint as to defendants, James P. Worrell, M.D., Enid Police Department, John Doe Enid police officers and as to amending the complaint and adding John Doe security guards as additional defendants.  The motion is also **DENIED** as to amending the complaint as to defendant, Alvin Frye.  This case shall remain stayed against defendant, Alvin Frye, pending the completion of bankruptcy proceedings.  The motion is **GRANTED** as to amending the complaint against defendants, Wal-Mart Stores East LP, Dennis Emerson, and Enid Police Chief.  Plaintiff shall file an amended complaint against these defendants by March 23, 2006.

IT IS ORDERED THAT in the amended complaint, plaintiff shall name Rick West in place of the current defendant Enid Police Chief.  Plaintiff shall indicate whether Rick West is sued in his official capacity as Enid Police Chief, in his individual capacity, or in both capacities.

IT IS ORDERED THAT plaintiff is granted a permissive extension of 70 days to obtain service of process upon Rick West.  The clerk of the court is directed to provide with this order any necessary service forms to comply with this order.

However, for service of process to be effected, the necessary service papers must be completed and returned to the clerk of the court for issuance and processing.  Plaintiff shall provide the completed service papers to the clerk of the court by March 23, 2006.

　　　　IT IS ORDERED that plaintiff's complaint against defendants, John Doe Enid police officers is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

　　　　ENTERED this 3rd day of March, 2006.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

05-0522p002.wpd