IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JAMES KELVIN COOPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. CIV-05-522-F |
| | ) | |
| WAL-MART STORES EAST, LP, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

On March 3, 2006, the Court permitted plaintiff James Kelvin Cooper to amend his complaint as to the defendant identified as "Enid Police Chief," Order (March 3, 2006) at 4, and instructed Cooper that he should identify this defendant as Rick West, Chief of Police of the Enid Police Department, in his amended pleading.  The Court also instructed Cooper that he should clearly state in which capacity he intended to sue West:  in his individual capacity, in his official capacity as Chief of Police, or both.

On March 28, 2006, Cooper filed his Permissive Amended and Supplemental Complaint ("Amended Complaint') seeking relief under title 42, section 1983 of the United States Code for injuries he sustained in 2003.  In his Amended Complaint, Cooper stated that he has

> "sue[d] Rick West only in his official capacity as Chief of the Enid Police, specifically Officer Greg Bergdall (Badge # 681)[1] as he is in charge and in control of his police officers' actions. Moreover, he is responsible for training, policies and procedures which govern police cadets and officers in investigative techniques and official conduct for rules of engagement concerning interrogation, investigation, procedures and arrest of a suspect."

---

[1] Greg Bergdall is not named as a defendant in the Amended Complaint.

Amended Complaint at 8.  He further alleged that Officer Bergdall

> "arrested Plaintiff without making an independent investigation and probable cause determination, which is attributed to Chief Rick West for failing to properly train, supervise and accredit his subordinates."

Id. at 9.

The matter now comes before the Court on the Motion to Dismiss filed by West pursuant to Rule 12(b)(6), F.R.Civ.P.  Cooper has responded to the motion, and based upon the record, the Court makes its determination.

Official-capacity lawsuits "'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" Kentucky v. Graham, 473 U.S. 159, 165 (1985)(quoting Monell v. New York City Department of Social Services, 436 U.S. 658, 690 n.55 (1978)).  Therefore, the claims against West are in all respects asserted against the entity which employs him–the City of Enid ("City"), and in this connection, the City may be held liable under section 1983 only for its own policies or customs. E.g., Monell, 436 U.S. at 691.  The City may not be held liable, under § 1983, for the tortious acts of its employees and/or under the theory of respondeat superior for any alleged deprivation of Cooper's constitutional rights. Id.

To prevail against the City, Cooper not only must identify a policy or custom "properly attributable to the . . . [City]," Board of County Commissioners v. Brown, 520 U.S. 397, 404 (1997), but also must

> "demonstrate that, through its deliberate conduct, the . . . [City] was the 'moving force' behind the injury alleged.  That is, . . . [Cooper] must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights."

Id. (emphasis deleted).

In his response to the Motion to Dismiss, Cooper has stated that

> "this is a case where the misbehavior of Officer Bergdall was attributable to factors for which the City of Enid is <u>not</u> responsible and, therefore, does not bear any fault for the incident as it was <u>not</u> municipal policy or custom independent of the police officer's conduct."

Reply (April 13, 2006) at 1 (emphasis added).[2]  Based upon this statement, the Court finds West in his official capacity is entitled to dismissal as requested.

Also pending before the Court is Cooper's Motion [for] Leave to Amend Response Out of Time, which he filed thirty-five (35) days after he file his initial response. Attached to this motion is a document entitled "Plaintiff's Objections to Defendant West's Motion to Dismiss," wherein Cooper

(1) has asserted that he has also sued West in his individual or personal capacity;

(2) has advanced various arguments and authorities why the City's policies and/or customs were the moving force behind his alleged injuries; and

(3) has requested that he be permitted to amend his Amended Complaint and join as defendants Officer Bergdall, the Mayor of the City of Enid ("Mayor") and the Board of County Commissioners of Garfield County, Oklahoma ("Board").

The Court finds Cooper is not entitled to the relief he has requested in his most recent submission.  First, even a liberal construction of the allegations in the Amended Complaint mandates a finding that West was sued only in his official capacity.  Second, Cooper has not withdrawn his original response to West's Motion to Dismiss or his statement therein that the City was not responsible for the injuries he sustained in 2003,

---

[2]Cooper has further asserted that had he sought to hold the City liable, "the first inquiry . . . would be the question whether there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation, which is why that allegation was not presented herein."  Reply at 1.

and he has not set forth any explanation why his position with regard to the City's liability has changed. Finally, Cooper has failed to demonstrate why amendment as suggested is appropriate at this stage of the litigation.

Rule 15(a), F.R.Civ.P., provides that leave to amend "shall be freely given when justice so requires." Whether Rule 15(a)'s "mandate is to be heeded," Foman v. Davis, 371 U.S. 178, 182 (1962), depends however upon the circumstances of each case.

The Court may refuse leave to amend "upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive . . . or futility of amendment." Frank v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th Cir. 1993)(citation omitted). Untimeliness alone is a sufficient reason to deny a request to amend, especially when no adequate explanation for the delay has been forthcoming. Id.

The Affidavit of Officer Bergdall was attached to Cooper's Amended Complaint. Cooper therefore knew the role this officer played in the events giving rise to this lawsuit when he filed his Amended Complaint on March 28, 2006. Cooper has advanced no explanation why he failed to name Officer Bergdall at that time and/or why he waited until May 18, 2006, to seek leave to join this individual as a party defendant. Furthermore, Cooper has failed to set forth any factual allegations showing that the conduct of the Mayor or the Board was a moving force behind the constitutional deprivations alleged in this lawsuit; he has advanced no explanation as to why the Mayor and/or the Board should therefore be named as defendants in this action, and he has not explained why an action against these two proposed defendants at this date would not be time-barred.

Accordingly, the Court

(1) GRANTS the Motion to Dismiss [Doc. 53] filed by West on March 29, 2006, and DISMISSES West in his official capacity;

(2) GRANTS Cooper's Motion [for] Leave to Amend Response [Doc. 62] filed on May 18, 2006, to the limited extent that the Court has considered the arguments and authorities contained therein and deemed Cooper's Objections attached to said Motion as part of the record; and

(3) DENIES Cooper's Motion [for] Leave to Amend Response [Doc. 62] in all other respects and as to all other relief requested therein, including Cooper's request that he be permitted to amend his Amended Complaint and join Officer Bergdall, the Mayor and the Board as defendants.

ENTERED this 6th day of June, 2006.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

05-0522p005(pub).wpd