IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JAMES KELVIN COOPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. CIV-05-522-F |
| | ) | |
| WAL-MART STORES EAST, LP, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

This matter comes before the Court on the Motion to Dismiss filed by defendants Wal-Mart Stores East, LP ("WalMart"), Alvin Frye and Dennis Emerson pursuant to Rule 12(b)(6), F.R.Civ.P. Plaintiff James Kelvin Cooper has responded to the motion, and based upon the record and the allegations in Cooper's Permissive Amended and Supplemental Complaint ("Amended Complaint'), the Court makes its determination.

Cooper has alleged that on October 23, 2003, he exited the premises of a WalMart store in Enid, Oklahoma, and as he walked to his vehicle, he was confronted by Frye and Emerson, identified as WalMart loss prevention employees. Cooper has contended that he was violently and aggressively attacked by these two individuals and "slammed into the parking lot pavement." He has further asserted that they "grabbed and forcefully manhandled" his right arm and "violently jerked" his left arm. Cooper has alleged that Greg Bergdall, a police officer employed by the Enid Police Department, arrived at the scene and without conducting an investigation, "believed everything" that Frye and Emerson told him.

Officer Bergdall called for an ambulance to transport Cooper to Integris Bass Baptist Health Center, where Cooper was admitted and underwent surgery for damage to his left arm.

Cooper has sought relief under title 42, section 1983 of the United States Code for the injuries he sustained during the altercation, which he has contended was racially motivated and was the result of concerted action by "two white men [who] planned and executed [the] . . . assault." Cooper's claim for relief under section 1983 is grounded on his contention that WalMart, Frye and Emerson are "state actors."

Section 1983 provides that every person who acts under color of state law to deprive another individual of constitutional rights shall be liable in a suit for damages. While section 1983 by its "under color of state law" language (as well as the equivalent "state action" language in the fourteenth amendment to the United States Constitution) regulates only governmental action as opposed to purely private conduct, private parties, such as these three defendants, can in certain circumstances act "under color of state law" and thus, as "state actors," be liable under section 1983. E.g., Lugar v. Edmondson Oil Co., 457 U.S. 922 (1982); Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970).

The United States Supreme Court has developed a two-part test for determining when "conduct allegedly causing the deprivation of a federal right [may] be fairly attributable to the State," 457 U.S. at 937, and thus, for determining the existence of "state action."

> "'First, the deprivation must be caused by the exercise of some right or privilege created by the State . . . . Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor . . . because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State."

Id.

In ruling on the defendants' Motion to Dismiss filed under Rule 12(b)(6), supra, the Court must accept as true Cooper's factual allegations in his Amended Complaint and must draw all reasonable inferences in his favor. Dismissal is not appropriate "unless it appears beyond doubt that . . . [Cooper] can prove no set of facts in support of his claim which would entitle him to relief," Conley v. Gibson, 355 U.S. 41, 45-46 (1957), against these three defendants.

The State of Oklahoma, in enacting title 22, section 1343 of the Oklahoma Statutes,[1] has arguably created the right exercised by Frye and Emerson when they approached Cooper in the parking lot. Thus, the first part of the two-part test is satisfied.

The Court finds, however, under the facts of this case as alleged in the Amended Complaint that the second part of the test is not satisfied and that the absence of such allegations is fatal to Cooper's section 1983 claim. As Cooper's response to the defendants' Motion to Dismiss clearly demonstrates, "it . . . [is] the violent assault . . . that preceded . . . [his] arrest which is at issue" and which must be fairly attributed to the state.

---

[1] Title 22, section 1343 of the Oklahoma Statutes provides that

"[a]ny merchant, his agent or employee, who has reasonable grounds or probable cause to believe that a person has committed or is committing a wrongful taking of merchandise . . . from a mercantile establishment, may detain such person in a reasonable manner for a reasonable length of time for all or any of the following purposes:

(a) Conducting an investigation, including reasonable interrogation of the detained person . . . ;

(b) Informing the police . . . of the facts relevant to such detention;

(c) Performing a reasonable search of the detained person . . . ; and

(d) Recovering the merchandise . . . believed to have been taken wrongfully. . . ."

Neither Cooper's allegation in the Amended Complaint that Officer Bergdall relied solely on the statements of Frye and Emerson upon his arrival and arguably in making his decision to arrest Cooper nor Cooper's conclusory statements that Frye and Emerson "seemed to be friends of Officer Bergdall" and "orchestrated a cover-up of the assault" support a finding that Frye and Emerson, "who are private parties, may be appropriately characterized as 'state actors,'" 457 U.S. at 939, for purposes of section 1983. The private action which is challenged–the assault–must result from and/or must either be coupled with substantial aid and assistance from state officials or be willfully combined with the actions of those officials to satisfy the "state action" requirement.

Cooper has advanced no allegations in his Amended Complaint that tie the alleged assault committed by Frye and Emerson to the Enid Police Department. There are no allegations demonstrating willful participation in a joint activity–namely, to cause harm to Cooper or establishing that Frye and Emerson "acted together with" or "obtained significant aid" from members of the Enid Police Department in committing the assault. Absent the same, the Court finds that Cooper is unable to state a claim under section 1983 for which relief may be granted against WalMart, Frye and Emerson and that they are therefore entitled to dismissal as requested.

Based upon the foregoing and because further amendment of the Amended Complaint would in the Court's opinion be futile, the Court

(1) GRANTS the Motion to Dismiss [Doc. 56] filed by WalMart, Frye and Emerson on April 11, 2006; and

(2) DISMISSES this action[2] in its entirety as to these three defendants.

ENTERED this 6th day of June, 2006.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

05-0522p006(pub).wpd

---

[2] To the extent, if any, Cooper has asserted state law claims against WalMart, Frye and/or Emerson, the Court declines to exercise supplemental jurisdiction over the same.

5