IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES K. COOPER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-05-0522-F |
| ) | |
| JOHN DOE, et al., ) | |
| ) | |
| Defendants. ) | |

## O R D E R

The court is in receipt of an order from the Tenth Circuit Court of Appeals filed July 12, 2006, tolling the briefing on the merits of the appeal filed by plaintiff James K. Cooper. The order states that the order being appealed does not dispose of all of the claims against all the parties. The Court of Appeals directed the plaintiff, within 30 days, to serve and file in that court a certified copy of a district order either granting certification under Rule 54(b) or adjudicating the remaining claim.

The order from the Court of Appeals is uninformative as to which claim or claims the appellate court believes to remain outstanding. Because the plaintiff is proceeding *pro se*, the court has reviewed the record and will adjudicate or show an adjudication of all claims against all defendants. The court will also enter a final judgment. Plaintiff may serve and file with the appellate court this order and the final judgment to be entered to comply with the appellate court's July 12, 2006 order.

Plaintiff commenced this action under 42 U.S.C. § 1983 on May 11, 2005. The original complaint named as defendants Jane and John Does (President and Manager of the Enid Wal-Mart store), Officials, Police Chief and Officers of Enid, Oklahoma, and Garfield County, Oklahoma, Owner, Security Guards and Company in Enid, Oklahoma, and Dr. Worrell. Plaintiff filed a praecipe for summons, naming five

defendants: President and Manager of Wal-Mart; Dennis Emerson; Alvin Frye; Dr. James P. Worrell; and the Enid Police Department. A subsequent praecipe for summons was filed naming Wal-Mart/Store #449 and President/CEO Lee Scott, Jr. Service was obtained on defendants Dr. James P. Worrell, the Enid Police Department, Dennis Emerson, Alvin Frye, and Wal-Mart Stores East, LP.

Defendant James P. Worrell, M.D. filed a motion to dismiss on September 15, 2005. Defendant Enid Police Department filed a motion to dismiss on November 8, 2005.[1] The next day, on November 9, 2005, plaintiff filed a Motion to Amend and Add Additional Parties. In his motion, plaintiff identified defendants as Wal-Mart Stores East, LP, Dennis Emerson, Alvin Frye, Enid Police Department, John Doe police officers, Enid Police Chief, Dr. James P. Worrell, M.D., and John Does, in their individual and official capacities.

On December 30, 2005, United States Magistrate Judge Bana Roberts entered a Report and Recommendation (doc. no. 44) wherein she recommended that defendant James P. Worrell, M.D.'s motion to dismiss be granted, that Enid Police Department's motion to dismiss be granted, and that plaintiff James K. Cooper's motion to amend and add additional parties be granted.

On March 3, 2006, the court entered an order accepting the Report and Recommendation to the extent therein stated (doc. no. 47). The court dismissed defendants James P. Worrell, M.D. and Enid Police Department. The court also denied plaintiff leave to amend his complaint as to these two defendants. In addition, the court denied plaintiff leave to amend his complaint as to defendants John Doe

---

[1] The motion was also filed on behalf of Enid Police Chief and Enid Police Officers. However, the Report and Recommendation issued on December 30, 2005 (discussed *infra*) did not address the arguments of Enid Police Chief and Enid Police Officers because no service had been effected upon these parties, and counsel filing the motion had not entered an appearance on these parties' behalves.

Enid police officers and dismissed plaintiff's action against these defendants under 28 U.S.C. § 1915(e)(2)(B)(ii). The court additionally denied plaintiff leave to amend the complaint as to defendant Alvin Frye. The court further denied plaintiff leave to add any additional John Doe security guards.

In its March 3, 2006 order, the court granted plaintiff leave to amend his complaint as to defendants Wal-Mart Stores East, LP and Dennis Emerson. The court also granted plaintiff leave to amend his complaint as to defendant Enid Police Chief. The court directed plaintiff to name Rick West (Enid Police Chief) as a defendant in the amended complaint. The court also directed plaintiff to indicate in the amended complaint in which capacity, either individual or official, he was suing Rick West.

On March 28, 2006, plaintiff filed his amended complaint (doc. no. 51). In his pleading, plaintiff named as defendants Wal-Mart Stores East, LP, Alvin Frye, Dennis Emerson, and Rick West. In the body of his pleading, plaintiff indicated that he was suing Rick West in his official capacity.

Defendant Rick West filed a motion to dismiss on March 29, 2006. Defendants Wal-Mart Stores East, LP, Alvin Frye, and Dennis Emerson filed a motion to dismiss on April 11, 2006.[2] Plaintiff filed a Motion for Leave to Amend Response Out of Time on May 18, 2006.

In an order filed June 6, 2006 (doc. no. 63), the court granted defendant Rick West's motion to dismiss. The court granted plaintiff's motion for leave to amend his response, to the extent that the court considered the arguments and authorities contained therein and deemed plaintiff's objection attached to the motion as part of the record. The court denied plaintiff's motion for leave to amend his response in all other respects and as to all other relief requested therein, including plaintiff's request

---

[2]Counsel also entered an appearance on behalf of defendant Alvin Frye on April 11, 2006.

3

that he be permitted to amend his amended complaint and join Officer Bergdall, the Mayor, and the Board as defendants.

In an order also filed on June 6, 2006 (doc. no. 64), the court granted defendants Wal-Mart Stores East, LP, Alvin Frye, and Dennis Emerson's motion to dismiss.

Contemporaneous with the filing of the referenced June 6, 2006 orders, the court entered an order dismissing plaintiff's action.

Pursuant to the court's March 3, 2006 order and the June 6, 2006 orders, plaintiff's claims have been dismissed against the following defendants: James P. Worrell, M.D., Enid Police Department, John Doe Enid police officers, Wal-Mart Stores East, LP, Alvin Frye, and Dennis Emerson.

To the extent any claims of plaintiff against defendants Jane and John Does (President and Manager of Wal-Mart) exist, the court dismisses those claims under 28 U.S.C. § 1915(e)(2)(B)(ii) for the same reasons stated in the order of June 6, 2006 (doc. no. 64), granting the motion to dismiss of defendants Wal-Mart Stores East, LP, Alvin Frye, and Dennis Emerson.

To the extent any claims of plaintiff against defendants Officials of Enid, Oklahoma, and Garfield County, Oklahoma, exist, the court dismisses those claims under 28 U.S.C. § 1915(e)(2)(B)(ii) as time-barred.

To the extent any claims against defendants Security Guards - Owner and Company exist, the court dismisses those claims under 28 U.S.C. § 1915(e)(2)(B)(ii) as time-barred.

As it appears in the court's orders of March 3, 2006, June 6, 2006, and this order that all claims of plaintiff against all defendants have been disposed of, the court shall enter a final judgment in favor of defendants against plaintiff on all claims alleged by plaintiff in the complaint filed May 11, 2005, and the amended complaint filed March 28, 2006.

IT IS THEREFORE ORDERED that, pursuant to the court's March 3, 2006 order and the June 6, 2006 orders, plaintiff's claims have been dismissed against the following defendants: James P. Worrell, M.D., Enid Police Department, John Doe Enid police officers, Wal-Mart Stores East, LP, Alvin Frye, and Dennis Emerson.

IT IS ALSO ORDERED that, to the extent any claims of plaintiff against defendants Jane and John Does (President and Manager of Wal-Mart) exist, the court **DISMISSES** those claims under 28 U.S.C. § 1915(e)(2)(B)(ii) for the same reasons stated in the order of June 6, 2006 (doc. no. 64), granting the motion to dismiss of defendants Wal-Mart Stores East, LP, Alvin Frye, and Dennis Emerson.

IT IS ALSO ORDERED that, to the extent any claims of plaintiff against defendants Officials of Enid, Oklahoma, and Garfield County, Oklahoma, exist, the court **DISMISSES** those claims under 28 U.S.C. § 1915(e)(2)(B)(ii) as time-barred.

IT IS ALSO ORDERED that, to the extent any claims against defendants Security Guards - Owner and Company exist, the court **DISMISSES** those claims under 28 U.S.C. § 1915(e)(2)(B)(ii) as time-barred.

IT IS FURTHER ORDERED THAT final judgment in favor of defendants against plaintiff on the claims alleged in the complaint filed May 11, 2005, and the amended complaint filed March 28, 2006, shall issue forthwith.

ENTERED this 26th day of July, 2006.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

05-522p013(pub).wpd